IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLARENCE S. ORTEGA,

        Plaintiff,

v.                                                                                                     1:15-cv-00862-LF

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

        Defendant.

**ORDER GRANTING MOTION FOR ATTORNEY FEES**
**PURSUANT TO 42 U.S.C. § 406(b)**

THIS MATTER comes before the Court upon the Martone Law Firm, P.A.'s Motion for an Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b), filed on February 6, 2017. Doc. 29. The motion seeks $13,255.95 in attorney's fees for legal services rendered before the Court. *Id.* at 1. The Commissioner responded on February 8, 2017; she takes no position on the motion, but reminds the Court that if the motion is granted, the EAJA fees previously awarded in this case must be refunded to Mr. Ortega. Doc. 30 at 2. Having reviewed the briefs, the record, and the applicable case law, and being otherwise fully advised in the premises, I find the motion well taken and will GRANT it.

    **I.**     **Procedural History**

Mr. Ortega filed his application for Social Security Disability Benefits on August 23, 2010. AR 70. After being denied initially and upon reconsideration, Mr. Ortega requested and received a hearing before an Administrative Law Judge ("ALJ"). AR 9–37. The ALJ issued her unfavorable decision on January 25, 2012. AR 67–84. Mr. Ortega requested review by the Appeals Council, and the Appeals Council issued an order reversing the ALJ's unfavorable

decision, and remanding the case for further proceedings. AR 85–88. The ALJ held a second hearing on January 16, 2016, at which Mr. Ortega was represented by Mr. Gary J. Martone. AR 38–62. The ALJ issued a second unfavorable decision on April 4, 2014. AR 89–111. The Appeals Council denied Mr. Ortega's request for review, making the ALJ's decision the final decision of the Commissioner. Mr. Ortega appealed to this Court on September 28, 2015. Doc. 1.

Mr. Ortega filed his Motion to Reverse and Remand for Rehearing, With Supporting Memorandum on February 26, 2016. Doc. 17. On April 22, 2016, the Commissioner filed an Unopposed Motion for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g). Doc. 20. The Court granted this motion, remanded the case for additional proceedings, and entered final judgment on April 26, 2016. Docs. 21, 22.

On July 5, 2016, Mr. Ortega filed an Unopposed Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act ("EAJA"), requesting $3933.00 in attorney fees and $420.88 in costs. Doc. 23. The Court granted this motion. Doc. 24.

On remand, an ALJ held a third hearing and, on August 10, 2016, issued a final administrative decision awarding Mr. Ortega benefits. Doc. 29, Exh. A. The Social Security Administration awarded Mr. Ortega $143,813.80 in back benefits. Doc. 29-3 at 1–16. This amount is calculated from Mr. Ortega's three notices of back benefit awards: February 29, 2016 notice awarding back benefits of $33,674; August 28, 2016 notice stating that 25% of back benefits is $23,255.95 (making total back benefits for this period $ 93,023.80); and August 29, 2016 notice stating that 25% of dependent's back benefits is $4,279.00 (making total back benefits for dependent $17,116.00). *Id.*

## II. Standard

42 U.S.C. § 406(a) governs fees for representation at administrative proceedings and § 406(b) governs fees for representation in court. *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006). "[E]ach authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *Id.* Attorneys representing Social Security claimants in court may seek fees for their work under both EAJA and under § 406. *Id.* at 497.[1] If the Court awards both EAJA fees and § 406 fees, however, counsel must refund the smaller amount to the claimant. *Id.*

Under 42 U.S.C. § 406(b)(1),

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

---

[1] The Tenth Circuit has explained:

> There are several differences between the two types of fees. For example, EAJA fees are awarded based on a statutory maximum hourly rate, while SSA fees are based on reasonableness, with a maximum of twenty-five percent of claimant's past-due benefits. *See* [*Frazier v. Apfel,* 240 F.3d 1284, 1286 (10th Cir. 2001)], 28 U.S.C. § 2412(d)(2)(A); 42 U.S.C. § 406(b)(1). Also, "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds." *Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir.1994). In that vein, an EAJA award is to the claimant, while counsel receives an SSA award. *See* 28 U.S.C. § 2412(d)(1)(A) (making award to "a prevailing party"); 42 U.S.C. § 406(b)(1) (providing for attorney's payment of approved fee out of past-due benefits). Finally, EAJA fee awards are allowed only if the government's position was not "substantially justified" or there are no special circumstances that "make an award unjust." 28 U.S.C. § 2412(d)(1)(A). SSA funds are not so conditioned. 42 U.S.C. § 406(b)(1).

*McGraw*, 450 F.3d at 497.

"The tenor of 406(b) is permissive rather than mandatory. It says that the court may make such an award, not that such an award shall be made." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971). Traditionally, an award of attorney's fees is a matter within sound discretion of the court. *Id.* "[T]he Social Security Act (SSA), 42 U.S.C. § 406(b)(1), allows the district court to award attorney's fees to claimant's counsel when the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw,* 450 F.3d at 495–96.

In *Gisbrecht v. Barnhart*, the Supreme Court rejected the lodestar method of calculating attorney fees for Social Security cases, "under which the number of hours reasonably devoted to each case was multiplied by the reasonable hourly fee." 535 U.S. 789, 789, 798–99 (2002). The Supreme Court instead concluded that Congress designed § 406(b) "to control, not displace, fee agreements between Social Security benefit claimants and their counsel." *Id.* at 793. Courts should review fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The statute imposes the 25%-of-past-due-benefits limitation on fees as a ceiling, rather than as a standard to substantiate reasonableness. *Id*.

Courts have reduced attorney fee "recovery based on the character of the representation and the results the representation achieved." *Id.* at 808. In cases where plaintiffs' attorneys have caused delays or provided substandard representation or if the benefits are large in comparison to the amount of time counsel spent on the case, courts have authorized reduced fees. *Id.*; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989) (explaining that "the court should consider the reasonableness of the contingency percentage to make sure the attorney does not receive fees which are out of proportion to the services performed, the risk of loss and the other relevant considerations"). Ultimately, plaintiffs' attorneys have the burden of showing that the

fee sought is reasonable. *Gisbrecht*, 535 U.S. at 807 ("Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.").

### III. Analysis

First, the Court must determine if the Fee Agreement meets § 406(b)(1) guidelines. Plaintiff signed a fee agreement on September 24, 2015, which states in part:

> If my case goes to United States District Court, and I receive benefits, Martone Law Firm may apply to the court for attorney fees for legal services performed in court. This amount is in addition to the amount paid by Social Security Administration for legal services at the hearing level, but the total of both fees paid to the Martone Law Firm will never be more than 25% of the past-due benefits.

Doc. 32-1 at 1. Thus, the Fee Agreements meet § 406(b)(1)'s guideline of not exceeding 25% of the past-due benefits.

Second, the Court must review contingent fee agreements such as these "to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. Plaintiff's counsel has the burden of demonstrating that his request for fees is reasonable under the circumstances. *Id*. The reasonableness determination is "based on the character of the representation and the results the representation achieved." *Id*. at 808. Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*.

Having reviewed the particular facts of this case in light of the *Gisbrecht* factors, I find that Plaintiff's counsel has shown that $13,255.95 is reasonable for his representation of Mr. Ortega before this Court. Counsel devoted 21 hours to representing Mr. Ortega on his appeal before this Court. The Martone Law Firm has specialized in disability cases for over thirty

5

years, and "the ability and skill of a more experienced attorney . . . offset[s] the number of hours put in by one who is not familiar with the applicable statutes and regulations." *Blankenship v. Schweiker*, 676 F.2d 116, 118 (4th Cir. 1982). Next, the Court finds that Plaintiff's counsel was not responsible for any appreciable delay in resolution of the case.

Finally, the Court finds that the award would not be disproportionately large in comparison to the amount of time spent on the case. *See, e.g.*, *Grunseich v. Barnhart*, 439 F. Supp. 2d 1032, 1035 (C.D. Cal. 2006) (approving attorney's fees of $600 per hour); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365–66 (N.D. Ga. 2005) (approving attorney's fees at an effective rate of $643 per hour). Although counsel could have requested 25% of the back-pay award, as contemplated by the Fee Agreement and as permitted by the statute, *see Wrenn v. Astrue*, 525 F.3d 931, 937–38 (10th Cir. 2008), he has requested only 16.17% of the $143,813.80 back-pay award ($13,255.95 for work in this Court in addition to the $10,000 awarded for his work at the administrative level). The amount requested is reasonable.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 29) is GRANTED. Counsel is awarded $13,255.95 in attorney's fees pursuant to 42 U.S.C. § 406(b)(1) for representing Mr. Ortega before this Court.

IT IS FURTHER ORDERED that counsel will refund to plaintiff the fees awarded under EAJA, 28 U.S.C. § 2412. *See* Doc. 23 in 15cv862-LF.[2]

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent

---

[2] The Court awarded plaintiff $3,933 in EAJA fees. Doc. 23. Plaintiff's counsel states that he will deduct 7.3125% sales tax and advanced costs of $26.00 from this amount, resulting in a net refund to plaintiff in the amount of $2,213.07. Based on counsel's own formula, this amount is mathematically incorrect. Counsel should refund plaintiff $3,619.40 in EAJA fees ($3,933.00–$287.60 (7.3125% of $3933.00)–$26.00=$3,619.40).